IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2115-D

| | |
|---|---|
| TYLER ANDRE WILLIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) **ORDER** |
| DENNIS DANIELS, et al., | ) ) ) |
| Respondents. | ) ) |

On June 2, 2014, Tyler Andre Willis ("Willis" or "petitioner"), a state inmate proceeding pro se, filed a document entitled "notice and petition for writ of habeas corpus" [D.E. 1]. On June 3, 2014, Magistrate Judge Robert B. Jones, Jr. ordered Willis to either pay the filing fee or submit an application to proceed in forma pauperis [D.E. 2]. Willis objects to Magistrate Judge Jones's order [D.E. 4], and "to the United States District Courts [sic] assumed jurisdiction over the sovereign and private claims filed in this court" and requests transfer of the petition "to the Common Law Court of North Carolina" [D.E. 3]. The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and dismisses the complaint.

Willis states that he is "not joined or united to any persons born or naturalized in the United States or any state subject to the dependencies territory, or jurisdiction thereof." Pet. 2. Willis asserts that he "is currently unlawfully restrained and deprived of his sovereign and exclusive private rights to life, liberty, property, and pursuit of happiness, and is involuntarily imprisoned." Id. 3; see State v. Willis, 179 N.C. App. 656, 635 S.E.2d 72, 2006 WL 2806275 (2006) (unpublished table opinion) (noting Willis's January 2005 conviction by a jury in Cumberland County Superior Court

for second degree murder and his term of imprisonment of 189–236 months). Willis also asserts that

> at no time, place, or purpose was [he] a voluntary, intentional, willful, or intelligent party to any public acts or state statutory criminal actions in rem or in personam, and thereof, petitioner is not and cannot be determined as a party duly convicted in absence of the prerequisites of mutual treaties, alliances, confederations, contracts, consent, agreements, or waivers of sovereign rights, powers, immunities, and exemptions which petitioner believes must be in the public records of the General Court of Justice for the State of North Carolina in Cumberland County.

Pet. 6. Willis seeks "a judicial decision on the verdict of a special jury . . . on all facts and issues." Id. 10. Willis also requests "transfer [of] this case to the proper court of the State having jurisdiction over private claims." Id.

The court construes Willis's objections to this court's jurisdiction and requests for transfer to another court as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The court therefore DISMISSES this action WITHOUT PREJUDICE, and, to the extent applicable, DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This **23** day of June 2014.

JAMES C. DEVER III
Chief United States District Judge